## EMPLOYEE HURT BY FALLING OF WINDOW SASH.

Circuit Court of Mahoning County.

ANDREW SERAFINO ET AL V. RALPH ANTINELLO.

Decided, March 31, 1911.

*Master and Servant—Negligence—Simple Device—Situation Known to Servant—Assumed Risk.*

A stick, with which a window is held open, is a simple device, and a laborer who crawls through a window so held open, forty or fifty times, with the stick in plain view, and finally knocks it out with his hand or foot and is injured by the falling sash, will be held to know the dangers attendant upon the situation and can not recover in an action against his employer for the latter's alleged negligence in using the stick to keep the window open.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

In this case Antinello, who was a laborer, carrying mortar for bricklayers, recovered a judgment against his employers for damages sustained by reason of a heavy window sash falling upon him and cutting him upon the face, neck and arms.

Antinello mixed the mortar outdoors and carried it to the bricklayers who were working in the basement of a school house. He carried the mortar in a bucket to a large window, about four feet square, and set the bucket on the window sill, climbed through the window, and then carried the bucket and emptied it on the scaffolding near the bricklayers. The window sash was held by a stick at the side in the way cellar windows are frequently held open. Antinello went through this window forty or fifty times in this manner, carrying mortar; the last time he climbed through the window with his arm or his leg he knocked out the stick supporting the sash and it came down and caused the injuries sustained by him.

The evidence shows that some five or six windows in this basement were all open, the sash being sustained by sticks, as in the case of this window, and the room inside was light; the accident happened about half past two o'clock in the afternoon of the seventeenth of July.

Antinello testified that he didn't know how the sash was sustained; everybody else about the place knew that the windows were kept open by the use of sticks.

The jury was properly charged that the plaintiff could not recover if he had equal means with his employer of knowing how the sash was propped up, and yet it brought in a verdict for the plaintiff.

We think this verdict is not sustained by the evidence. A man couldn't crawl through a window forty or fifty times without knowing about a stick at the side supporting the sash; he would have to watch that stick every time he went through the window, to avoid striking it with his feet. If he used his eyesight he would see the stick and know what it was there for; he would also know at a glance what would happen if the stick was carelessly knocked out of place.

In view of the simple and common nature of this device for holding up this window sash and the numerous opportunities

the plaintiff had of observing it, the jury was not warranted in finding that the plaintiff neither knew of the stick nor had means of knowing about it, and the dangers of knocking it out.

Judgment reversed for error in overruling the motion for a new trial on the ground that the verdict was not sustained by the evidence.